## Dennis Mulcahy et al., Defendants in Error, v. H. L. Kobenus et al., Plaintiffs in Error.

### Gen. No. 14,589.

1. APPEALS AND ERRORS—*when assignments of error deemed waived.* Assignments of error not argued are deemed waived.

2. APPEALS AND ERRORS—*when finding of chancellor not disturbed.* The findings of a chancellor upon the facts will not be disturbed if they are justified by the evidence.

Bill for injunction. Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 6, 1911.

JOHN D. FARRELL, for plaintiffs in error.

MATHER & HUTSON, for defendants in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

In this case we have for review a decree of the Circuit Court of Cook county entered in a cause in which two bills against the same defendants were consolidated, and in which the decree was entered in the consolidated cause.

The first bill was brought by the officers of the General Council or Supreme Body of the Woodworkers' Union, personally, and as the "General Council" of the Order,—alleging that the order was composed of local unions of workingmen; that the next higher order was the Woodworkers' Council, usually called the "District Council," and that the next above was the General Council, having supreme control of the entire order; that all members subscribed to a constitution, and were bound by its terms; that the constitution provides that no local union shall dissolve or withdraw from the union if seven members of the local union object; that when a local union shall be suspended, or withdraw, it shall send to the general

office of the union all books, property and funds, that it may possess, to be held in trust, etc.; that complainants for many years had paid dues, and in the event of death would be entitled to death benefits; that they have a financial interest in all local unions, etc.; that certain members of Locals One and Seventy-eight conspired to wreck the union, etc., and that defendants are seeking to withdraw from the union, induce others to do so, and to take with them all of the union's property, and have passed a resolution in which they urge the abandonment of the Woodworkers' Union and that all money and property be turned over to rival unions; that the intermediate body ("District Council") complained to the General Council and requested that the defendants be tried for treason to the organization; that notice was served upon the defendants of the proposed trial; that they failed to appear, after which the General Council suspended the members of said Locals One and Seventy-eight, and revoked their charters; that defendants refused to turn over the funds and property to the General Council as required by the constitution, and intend to divide the funds among themselves or turn them over to a rival organization, and are about to pass resolutions to accomplish this purpose. The bill made parties defendant all officers and members of Locals One and Seventy-eight, and prayed for an injunction. A copy of the charter attached as an exhibit to the bill expressly provides:

"Amalgamated Union hereby declares its right to suspend or revoke this charter for any neglect or refusal to perform the duties required by the constitution and laws of this organization, and should the aforesaid local union be dissolved, or forfeit its charter, then all property, books, papers and money shall be transferred to the general office of the Amalgamated Woodworkers' International Union."

Another bill was filed by loyal members of local union No. 1, objecting to the property of the locals being carried off by them. This bill, except that it was

brought by and on behalf of the loyal members of local No. 1, contained substantially the same allegations as were made in the former bill, with the additional allegation that unless the defendants were restrained complainants would lose all of their insurance, sick and death benefits, etc.

These two bills were afterward consolidated and amended, concluding with a prayer for an accounting, and that the moneys, funds and properties be returned and delivered up to complainants, in accordance with the constitution,—that a reeciver be appointed, etc.

After demurrers had been overruled, defendants answered, admitting the existence of the local unions, as stated; the constitution and its terms; that the "General Council have power and authority of granting and revoking charters of local unions;" that "said General Council has the management and supervision of the order;" that defendants pay dues to the General Council, and that the General Council gets a revenue from the sale of supplies to the defendants; the answers made general denial of the allegations of the other portions of the bill, including their intention to divide the funds among their members, or to turn them over to any hostile union.

The defendants filed a cross-bill, but it appears that no evidence was offered under it, and it was practically abandoned.

The consolidated causes were referred to a master, before whom testimony was taken, and who subsequently made his report to the court. The court below entered a decree substantially in conformity with the prayer of the bill, to reverse which the defendants brought the cause to this court.

Though numerous errors were assigned on the record by the plaintiffs in error, only two were argued on their behalf. Accordingly we consider only the two assignments argued. See Keyes v. Kimmel, 186 Ill. 109, 113.

The alleged errors argued are, first, that "complain-

ants have failed to prove their case;" and second, "The decree is against the weight of the evidence."

These two practically amount to but one, that is that the evidence does not justify the decree.

We have carefully considered the evidence submitted to the court below. No substantial purpose would be served by referring in this opinion to details of the evidence. It is sufficient to say, that we are of the opinion that the evidence fully justifies the decree of the court below, and accordingly it must be affirmed.

*Affirmed.*